PAIZOR FEINSTEIN, Appellant, *v.* IGNATZ JACOBSON, Respondent.

First Department, March 6, 1914.

Pleading — suit to enjoin violation of agreement not to lease building for competing business — injunction — demurrer — defect of parties.

A complaint alleging in substance that the owner of a building adjoining that of the plaintiff agreed that he would not rent the same for use in the clothing business in which the plaintiff was engaged, and that if he did so he should "be liable * * * in damages and breach of contract," and that he violated said agreement by renting the premises to persons engaged in the clothing business, who took the lease with knowledge of the agreement, states a cause of action for equitable relief by way of injunction, there being allegations showing that the plaintiff's remedy at law is inadequate.

A demurrer to a complaint for defect of parties should be overruled where it does not specify the parties who should have been joined, and the defect cannot be cured by motion under section 768 of the Code of Civil Procedure.

APPEAL by the plaintiff, Paizor Feinstein, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of December, 1913, granting defendant's motion for judgment on the pleadings, and also from the judgment entered in said clerk's office on the 11th day of December, 1913, upon said order.

The complaint alleges plaintiff's ownership of the premises 79 Stanton street, where he conducts a clothing business, and that defendant is the owner of the adjoining premises, No. 77, which had been used for the same purpose; that defendant's premises having become vacant, he agreed with plaintiff that for a period of three years defendant would not rent his store for use in the clothing business, and in case he, defendant, violated the agreement, he should "be liable * * * in damages and breach of contract;" that in violation of the agreement, defendant has let the premises to Freedman Brothers for a clothing store, they having taken the lease with knowledge of the agreement. With appropriate allegations to show that plaintiff had no adequate remedy at law, the relief demanded was that defendant and Freedman Brothers be restrained from

leasing or giving or taking possession of the store for the purpose of the clothing business, and from conducting or permitting such business to be conducted on the premises.

*David L. Podell*, for the appellant.

*Meyer D. Siegel*, for the respondent.

PER CURIAM:

The fact that the agreement provided, in case of its violation by defendant, he should "be liable * * * in damages and breach of contract" does not, in view of the circumstances, deprive plaintiff of the right to equitable relief. (*Lewis* v. *Gollner*, 129 N. Y. 227, 234; *Diamond Match Co.* v. *Roeber*, 106 id. 473, 486.) Defendant's counsel concedes that the demurrer is bad, inasmuch as it did not specify *the* parties, failure to join whom constituted the defect. This defect in pleading could not be cured on the motion, under the Code of Civil Procedure, section 768.

The judgment and order should be reversed, with costs, and the demurrer overruled, with ten dollars costs, with leave to the defendant to withdraw the demurrer and to answer upon payment of costs in this court and in the court below.

Present — INGRAHAM, P. J., LAUGHLIN, CLARKE, SCOTT and HOTCHKISS, JJ.

Judgment and order reversed, with costs, and demurrer overruled, with ten dollars costs, with leave to defendant to withdraw demurrer and answer on payment of costs.